UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

J D CURRELLEY et al.,

                    Plaintiffs,                    Case No. 1:12-cv-1262

v.                                            Honorable Gordon J. Quist

DANIEL HEYNS et al.,

                    Defendants.

_____/

**OPINION**

This is a civil rights action brought by state prisoners pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 509B.  The Court has granted Plaintiffs leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiffs' complaint for failure to state a claim against Defendants Heyns, McKee, Mote, Hadden, Chung, Hammond, and the State of Michigan.  The Court will serve the complaint against Defendants Habtemariam and Mcceight, solely with respect to Plaintiff Currelley's claims against them.

**Discussion**

I.      Factual allegations

Plaintiffs J D Currelley, Kyle B. Richards, and James Jackson are incarcerated by the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). Plaintiffs sue the State of Michigan, MDOC Director Daniel Heyns (spelled "Hienz" in the complaint), and the following employees of IBC: Warden Ken McKee, Resident Unit Manager (unknown) Mote, Assistant Resident Unit Supervisor Brian Hadden, and Psychologists (unknown) Habtemariam, (unknown) Mcceight, (unknown) Chung, and (unknown) Hammond.

In their *pro se* complaint, Plaintiffs allege that Defendants McKee, Mote, and Hadden are members of the "S.C.C. Board," and are responsible for Plaintiffs' care. (Compl. 2, docket #1.) Plaintiffs are currently housed in punitive segregation, and they assert that they have "not received proper treatment for their psychological health and have not been provided sufficient accomm[o]dations." (*Id.* at 3.) They also contend that they have been "tortured through the forced administration of, and threat of[,] mind altering substances." (*Id.*)

Plaintiff Jackson further alleges that he has been "threatened" with the forced administration of "pyschotropic drugs." (*Id.* at 4.) In December 2009, at a facility in Adrian, Michigan,[1] he was forcefully administered "mind altering substances," causing damage to his liver and other organs. (*Id.*) Jackson is under the care of Psychologists Habtemariam and Chung. According to Plaintiff, they are not "effectively treating" him. (*Id.*)

Plaintiff Jackson also contends that he has been placed in isolated confinement for long periods of time and that he is not receiving adequate "social and envir[on]mental

---

[1] Plaintiff alleges that he was administered drugs "at Adrian." (Compl. 4.) The Court assumes that Plaintiff is referring to an MDOC facility located in Adrian, Michigan, such as the Gus Harrison Correctional Facility.

accom[mo]dations." (*Id.*) He contends that a television or radio is necessary to provide sufficient "cogn[i]tive stimulation." (*Id.* at 5.)

Plaintiff Currelley asserts that Defendants Mcceight and Habtemariam have been responsible for his care since March 2012. They forced him to "orally receive . . . Resperidal and Benadrile." (*Id.*) Plaintiff was told that prison authorities would forcibly administer the drugs if he did not take them orally. According to Plaintiff, the drugs have altered his senses and personality, and have caused problems with his heart and blood pressure. Like Plaintiff Jackson, Currelley also contends that he has not been provided adequate accommodations or cognitive stimulation. He asserts that books and puzzles are not sufficient.

Plaintiff Richards claims that MDOC officials have not provided proper treatment for his autism. Psychologist Hammond tried to deny that Plaintiff has autism, despite "years of documented treatment." (*Id.* at 6.) Like the other Plaintiffs, Richards also complains that he has not received adequate accommodations for his mental health. "Books and puzzles are not enough," he claims. (*Id.*)

Based on the foregoing allegations, Plaintiffs contend that Defendants have violated their rights under the Eighth Amendment. As relief, Plaintiffs seek compensatory damages and an injunction requiring "mat[]erials and a[men]ities to treat Plaintiffs['] psychological health." (*Id.* at 7.)

II.    Cause of action

Plaintiffs purport to bring their action under 28 U.S.C. § 509B and the United States Constitution. Section 509B concerns the power of the United States Attorney General to enforce human rights laws; it does not provide for an independent cause of action. Plaintiffs cannot compel the Attorney General to exercise its power under § 509B to prosecute Defendants. *See Diamond v.*

*Charles*, 476 U.S. 54, 63 (1986) (noting that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, Plaintiffs' action must proceed under another statute. Because Plaintiffs claim that Defendants have violated the Constitution, the Court will liberally construe the complaint as asserting claims under 42 U.S.C. § 1983.

III.    <u>Immunity</u>

Plaintiffs may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the State of Michigan.

IV.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient Allegations

Defendants Heyns, McKee, Mote, and Hadden have been named as defendants without any allegation of specific conduct. It is a basic pleading essential that a plaintiff attribute factual allegations to each defendant. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

To the extent that Plaintiffs sue Heyns, McKee, Mote, and Hadden solely because of their supervisory authority, Plaintiffs do not state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

-6-

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs have failed to allege that Defendants Heyns, McKee, Mote, and Hadden engaged in any active unconstitutional behavior. Accordingly, they fail to state a claim against these Defendants.

### B. Eighth Amendment

#### 1. Segregation

All three Plaintiffs complain that their conditions of confinement in segregation are not adequate for their mental health. Specifically, Plaintiffs assert that they lack adequate cognitive and/or social stimulation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with

"'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiffs' allegations regarding a lack of adequate stimulation in segregation do not make out plausible claim. Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Even assuming that Plaintiffs have been denied certain privileges as a result of their segregation, they do not allege that they have been denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of placement in segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, No. 09-6283, 2011 WL 2579779, at *5 (6th Cir. June 29, 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). To the extent Plaintiffs assert that their conditions pose a risk to their mental health, their complaint is devoid of allegations establishing such a risk, much less that a Defendant was deliberately indifferent to it.

## 2. Plaintiff Jackson

Plaintiff Jackson also contends that he has been threatened with the administration of psychotropic drugs and that he suffered injury after the forceful administration of such drugs in 2009. Such allegations fail to state a claim, because they do not indicate how any of the named Defendants were involved. Indeed, Plaintiff asserts that he was forced to take the drugs at a location different from the one where Defendants now work.

Plaintiff further contends that he has not received effective treatment for his condition from Defendants Habtemariam and Chung. The Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at \*4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at \* 2 (6th Cir. Apr. 26, 1985). The Eighth Amendment is violated when a prison official is deliberately indifferent to a prisoner's serious medical needs. *Estelle*, 429 U.S. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical care states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006).

Plaintiff Jackson's allegations regarding ineffective or inadequate treatment by Defendants Habtemariam and Chung are wholly conclusory. Plaintiff offers no allegations

indicating why the care is inadequate, much less that a Defendant has been deliberately indifferent to his health needs.  Consequently, he does not state an Eighth Amendment claim.

### 3.  Plaintiff Currelley

Plaintiff Currelley alleges that Defendants Mcceight and Habtemariam have forced him to take certain medications, resulting in physical injury.  The Court concludes that Plaintiff's allegations are sufficient to warrant service of his claim on Defendants Mcceight and Habtemariam.

### 4.  Plaintiff Richards

Plaintiff Richards asserts that MDOC officials (including Defendant Hammond) have not provided "proper treatment" for his autism, and that Hammond tried to deny that Plaintiff has autism.  (Compl. 6, docket #1.)  Plaintiff's allegations do not state a plausible claim.  Even if some form of treatment is necessary for Plaintiff's condition, it is not enough for him merely to assert that the treatment he received was not "proper," or that his accommodations are "not enough."  (*Id.*) Such vague and conclusory allegations do not state "enough facts" to permit a reasonable inference that a Defendant has been deliberately indifferent to Plaintiff's serious health needs.  *See Twombly*, 550 U.S. at 570.  Thus, Plaintiff Richards does not state an Eighth Amendment claim, and Defendant Hammond will be dismissed for failure to state a claim.

### C.  Rights of Others

After dismissal of the claims against Defendants Heyns, McKee, Mote, Hadden, Chung, Hammond, and the State of Michigan, the only remaining claim concerns the rights of Plaintiff Currelley.  Plaintiffs Richards and Jackson lack standing to assert the constitutional rights of Plaintiff Currelley.  *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992).  As laymen, Plaintiffs may only represent themselves with respect to their individual claims; they may not act on behalf of others.  *See*

*O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).  Thus, Plaintiffs Richards and Johnson will be dismissed from the action for failure to state a claim upon which relief may be granted.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants State of Michigan, Heyns, McKee, Mote, Hadden, Chung, and Hammond will be dismissed for failure to state a claim and/or immunity grounds pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  As a result, Plaintiffs Jackson and Richards will be dismissed.  The Court will serve the complaint against Defendants Mcceight and Habtemariam, solely with respect to Plaintiff Currelley's claims against them.

An Order consistent with this Opinion will be entered.


Dated:  May 8, 2013                                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

-12-